RECEIPT # _____
AMOUNT $ 250
SUMMONS ISSUED Y-2
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 7-25-05

UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRED ROHRBACKER,<br>Plaintiff<br><br>V.<br><br>BOSTON HARBOR CRUISES, INC.,<br>PROVINCETOWN PUBLIC PIER<br>CORPORATION, and<br>PROVINCETOWN-MACMILLAN<br>REALTY TRUST,<br>Defendants | Civil Action<br><br>No.<br><br>05-11562 RGS<br><br>MAGISTRATE JUDGE _____ |

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes the Plaintiff in the above-entitled matter, and says:

#### The parties

1. The Plaintiff, Fred Rohrbacker, is a resident of Metairie, Louisiana.

2. The Defendant, Boston Harbor Cruises, Inc., is a corporation organized under the Laws of the Commonwealth of Massachusetts.

3. The Defendant, Provincetown Public Pier Corporation, is a public corporation organized under Chapter 13 of the Acts of 2000, as amended by Chapter 260 of the Acts of 2002.

4. The Defendant, Provincetown-MacMillan Realty Trust, is a trust created pursuant to a Declaration of Trust filed in Book 12986, Page 339, in the Barnstable County, Massachusetts, Registry of Deeds.

#### The injury

5. On September 13, 2003, the Plaintiff was a passenger on the 6:30 PM Boston to Provincetown Boston Harbor Cruises Fast Ferry, the M/V SALACIA.

6. Upon disembarking from said ferry at MacMillan Pier in Provincetown on September 13, 2003, the Plaintiff fell on MacMillan Pier between the 2 red supporting columns nearest to the gangway to the Boston Harbor Cruises Fast Ferry.

7. On September 13, 2003, the Plaintiff sustained personal injuries as a result of said fall.

8. Prior to and at the time he sustained the above mentioned personal injuries, the Plaintiff was exercising due care.

<u>MacMillan Pier – ownership, operation, and control</u>

9. On September 13, 2003, the Defendant, Boston Harbor Cruises, Inc., owned the area of MacMillan Pier referred to in paragraph 6 above.

10. On September 13, 2003, the Defendant, Boston Harbor Cruises, Inc., operated the area of MacMillan Pier referred to in paragraph 6 above.

11. On September 13, 2003, the Defendant, Boston Harbor Cruises, Inc., controlled the area of MacMillan Pier referred to in paragraph 6 above.

12. On September 13, 2003, the Defendant, Provincetown Public Pier Corporation, owned the area of MacMillan Pier referred to in paragraph 6 above.

13. On September 13, 2003, the Defendant, Provincetown Public Pier Corporation, operated the area of MacMillan Pier referred to in paragraph 6 above.

14. On September 13, 2003, the Defendant, Provincetown Public Pier Corporation, controlled the area of MacMillan Pier referred to in paragraph 6 above.

15. On September 13, 2003, the Defendant, Provincetown-MacMillan Realty Trust, owned the area of MacMillan Pier referred to in paragraph 6 above.

16. On September 13, 2003, the Defendant, Provincetown-MacMillan Realty Trust, operated the area of MacMillan Pier referred to in paragraph 6 above.

17. On September 13, 2003, the Defendant, Provincetown-MacMillan Realty Trust, controlled the area of MacMillan Pier referred to in paragraph 6 above.

## Jurisdiction

18. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332, in that the parties are citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

## COUNT I

### Fred Rohrbacker v. Boston Harbor Cruises, Inc.

(Negligence)

19. The Plaintiff repeats and realleges paragraphs 1 - 18 above as it fully set forth herein.

20. On September 13, 2003, the Defendant Boston Harbor Cruises, Inc.., its agents, servants and/or employees had a duty to keep said premises in a safe condition for all persons who came upon the premises.

21. On September 13, 2003, the Defendant Boston Harbor Cruises, Inc., breached the aforementioned duty by negligently and carelessly allowing the premises to exist in an unsafe and dangerous condition.

22. The personal injuries sustained by the Plaintiff were not caused by any fault on his part but were caused by the negligence of the Defendant Boston Harbor Cruises, Inc., its agents, servants and/or employees.

23.  As a result of said injuries, the Plaintiff has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

WHEREFORE, the Plaintiff, Fred Rohrbacker, demands judgment against the Defendant Boston Harbor Cruises, Inc., in the amount of $1,000,000.00, together with interest and costs.

## COUNT II

### Fred Rohrbacker v. Provincetown Public Pier Corporation

(Negligence)

24.  The Plaintiff repeats and realleges paragraphs 1 - 18 above as it fully set forth herein.

25.  On September 13, 2003, the Defendant Provincetown Public Pier Corporation., its agents, servants and/or employees had a duty to keep said premises in a safe condition for all persons who came upon the premises.

26.  On September 13, 2003, the Defendant Provincetown Public Pier Corporation, breached the aforementioned duty by negligently and carelessly allowing the premises to exist in an unsafe and dangerous condition.

27.  The personal injuries sustained by the Plaintiff were not caused by any fault on his part but were caused by the negligence of the Defendant Provincetown Public Pier Corporation, its agents, servants and/or employees.

28.  As a result of said injuries, the Plaintiff has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

WHEREFORE, the Plaintiff, Fred Rohrbacker, demands judgment against the Defendant Provincetown Public Pier Corporation, in the amount of $1,000,000.00, together with interest and costs.

### COUNT III

Fred Rohrbacker v. Provincetown-MacMillan Realty Trust

(Negligence)

29. The Plaintiff repeats and realleges paragraphs 1 - 18 above as it fully set forth herein.

30. On September 13, 2003, the Defendant Provincetown-MacMillan Realty Trust., its agents, servants and/or employees had a duty to keep said premises in a safe condition for all persons who came upon the premises.

31. On September 13, 2003, the Defendant Provincetown-MacMillan Realty Trust, breached the aforementioned duty by negligently and carelessly allowing the premises to exist in an unsafe and dangerous condition.

32. The personal injuries sustained by the Plaintiff were not caused by any fault on his part but were caused by the negligence of the Defendant Provincetown-MacMillan Realty Trust, its agents, servants and/or employees.

33. As a result of said injuries, the Plaintiff has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

WHEREFORE, the Plaintiff, Fred Rohrbacker, demands judgment against the Defendant Provincetown-MacMillan Realty Trust, in the amount of $1,000,000.00, together with interest

and costs.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES RAISED IN THIS COMPLAINT.

Respectfully submitted for the
the Plaintiff, Fred Rohrbacker,
by his attorney,

_____
David J. Berg, Esq.
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
617-523-1000

Dated: 7/22/05

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Fred Rohrbacker

## DEFENDANTS
Boston Harbor Cruises, Inc., Provincetown Public Pier Corporation, and Provincetown-MacMillian Realty Trust

(b) County of Residence of First Listed Plaintiff: Jefferson County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Suffolk County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Latti and Anderson, LLP, 30-31 Union Wharf, Boston, MA 02109, 617-523-1000

Attorneys (If Known): 05-11562

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☒ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
|  | ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition |  |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §1332
Brief description of cause:
Personal injury case.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 1,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 7/22/05
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Fred Rohrbacker vs. Boston Harbor Cruises, Inc., Provincetown Public Pier Corporation, and Provincetown-MacMillan Realty Trust

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I. 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.
   - [ ] II. 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [x] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV. 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   05-11562

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?   YES [ ]   NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)   YES [ ]   NO [x]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?   YES [ ]   NO [x]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?   YES [ ]   NO [ ]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).   YES [x]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [x]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)   YES [ ]   NO [x]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   David J. Berg
ADDRESS   30-31 Union Wharf, Boston, MA 02109
TELEPHONE NO.   617-523-1000

(CategoryForm.wpd - 5/2/05)