UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

_____
                                        )
FRED ROHRBACKER,                        )
        Plaintiff                       )
                                        )        Civil Action
V.                                      )
                                        )        No.
MODERN CONTINENTAL                      )
COMPANIES, INC.,                        )
HARBOR CRUISES, LLC,                    )
BOSTON HARBOR CRUISES, A JOINT          )
VENTURE,                                )
PROVINCETOWN PUBLIC PIER                )
CORPORATION, and                        )
PROVINCETOWN-MACMILLAN                  )
REALTY TRUST,                           )
        Defendants                      )
_____)

## PLAINTIFF'S FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes the Plaintiff in the above-entitled matter, and says:

### The parties

1.      The Plaintiff, Fred Rohrbacker, is a resident of Metairie, Louisiana.

2.      The Defendant, Modern Continental Companies, Inc., is a corporation organized

under the Laws of the Commonwealth of Massachusetts.

3.      The Defendant, Harbor Cruises, LLC, is a limited liability company organized

under the Laws of the Commonwealth of Massachusetts.

4.      The Defendant, Boston Harbor Cruises, a joint venture, is a joint venture

partnership of Defendants Modern Continental Companies, Inc., and Harbor Cruises, LLC.

5.      The Defendant, Boston Harbor Cruises, a joint venture, transacts business in the

Commonwealth of Massachusetts.

6.      The Defendant, Provincetown Public Pier Corporation, is a public corporation organized under Chapter 13 of the Acts of 2000, as amended by Chapter 260 of the Acts of 2002.

7.      The Defendant, Provincetown-MacMillan Realty Trust, is a trust created pursuant to a Declaration of Trust filed in Book 12986, Page 339, in the Barnstable County, Massachusetts, Registry of Deeds.

<u>The injury</u>

8.      On September 13, 2003, the Plaintiff was a passenger on the 6:30 PM Boston to Provincetown Boston Harbor Cruises Fast Ferry, the M/V SALACIA.

9.      Upon disembarking from said ferry at MacMillan Pier in Provincetown on September 13, 2003, the Plaintiff fell on MacMillan Pier between the 2 red supporting columns nearest to the gangway to the Boston Harbor Cruises Fast Ferry.

10.     On September 13, 2003, the Plaintiff sustained personal injuries as a result of said fall.

11.     Prior to and at the time he sustained the above mentioned personal injuries, the Plaintiff was exercising due care.

<u>MacMillan Pier – ownership, operation, and control</u>

12.     On September 13, 2003, the Defendant, Boston Harbor Cruises, a joint venture, owned the area of MacMillan Pier referred to in paragraph 9 above.

13.     On September 13, 2003, the Defendant, Boston Harbor Cruises, a joint venture, operated the area of MacMillan Pier referred to in paragraph 9 above.

14.     On September 13, 2003, the Defendant, Boston Harbor Cruises, a joint venture, controlled the area of MacMillan Pier referred to in paragraph 9 above.

15.     On September 13, 2003, the Defendant, Provincetown Public Pier Corporation, owned the area of MacMillan Pier referred to in paragraph 9 above.

16.     On September 13, 2003, the Defendant, Provincetown Public Pier Corporation, operated the area of MacMillan Pier referred to in paragraph 9 above.

17.     On September 13, 2003, the Defendant, Provincetown Public Pier Corporation, controlled the area of MacMillan Pier referred to in paragraph 9 above.

18.     On September 13, 2003, the Defendant, Provincetown-MacMillan Realty Trust, owned the area of MacMillan Pier referred to in paragraph 9 above.

19.     On September 13, 2003, the Defendant, Provincetown-MacMillan Realty Trust, operated the area of MacMillan Pier referred to in paragraph 9 above.

20.     On September 13, 2003, the Defendant, Provincetown-MacMillan Realty Trust, controlled the area of MacMillan Pier referred to in paragraph 9 above.

<u>Jurisdiction</u>

21.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332, in that the parties are citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

<u>COUNT I</u>

Fred Rohrbacker v. Modern Continental Companies, Inc., Harbor Cruises, LLC,
<u>and Boston Harbor Cruises, a joint venture</u>

(Negligence)

22.     The Plaintiff repeats and realleges paragraphs 1 - 21 above as it fully set forth herein.

23.    On September 13, 2003, the Defendants Modern Continental Companies, Inc., Harbor Cruises, LLC, and Boston Harbor Cruises, a joint venture, their agents, servants and/or employees had a duty to keep the area of MacMillan Pier referred to in paragraph 9 above (hereinafter "the premises") in a safe condition for all persons who came upon the premises.

24.    On September 13, 2003, the Defendants Modern Continental Companies, Inc., Harbor Cruises, LLC, and Boston Harbor Cruises, a joint venture, breached the aforementioned duty by negligently and carelessly allowing the premises to exist in an unsafe and dangerous condition.

25.    The personal injuries sustained by the Plaintiff were not caused by any fault on his part but were caused by the negligence of the Defendants Modern Continental Companies, Inc., Harbor Cruises, LLC, and Boston Harbor Cruises, a joint venture, their agents, servants and/or employees.

26.    As a result of said injuries, the Plaintiff has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

WHEREFORE, the Plaintiff, Fred Rohrbacker, demands judgment against the Defendants Modern Continental Companies, Inc., Harbor Cruises, LLC, and Boston Harbor Cruises, a joint venture, in the amount of $1,000,000.00, together with interest and costs.

COUNT II

Fred Rohrbacker v. Provincetown Public Pier Corporation

(Negligence)

27.    The Plaintiff repeats and realleges paragraphs 1 - 21 above as it fully set forth

4

herein.

28.    On September 13, 2003, the Defendant Provincetown Public Pier Corporation., its agents, servants and/or employees had a duty to keep said premises in a safe condition for all persons who came upon the premises.

29.    On September 13, 2003, the Defendant Provincetown Public Pier Corporation, breached the aforementioned duty by negligently and carelessly allowing the premises to exist in an unsafe and dangerous condition.

30.    The personal injuries sustained by the Plaintiff were not caused by any fault on his part but were caused by the negligence of the Defendant Provincetown Public Pier Corporation, its agents, servants and/or employees.

31.    As a result of said injuries, the Plaintiff has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

WHEREFORE, the Plaintiff, Fred Rohrbacker, demands judgment against the Defendant Provincetown Public Pier Corporation, in the amount of $1,000,000.00, together with interest and costs.

<u>COUNT III</u>

<u>Fred Rohrbacker v. Provincetown-MacMillan Realty Trust</u>

(Negligence)

32.    The Plaintiff repeats and realleges paragraphs 1 – 21 above as it fully set forth herein.

33.    On September 13, 2003, the Defendant Provincetown-MacMillan Realty Trust.,

its agents, servants and/or employees had a duty to keep said premises in a safe condition for all persons who came upon the premises.

34.     On September 13, 2003, the Defendant Provincetown-MacMillan Realty Trust, breached the aforementioned duty by negligently and carelessly allowing the premises to exist in an unsafe and dangerous condition.

35.     The personal injuries sustained by the Plaintiff were not caused by any fault on his part but were caused by the negligence of the Defendant Provincetown-MacMillan Realty Trust, its agents, servants and/or employees.

36.     As a result of said injuries, the Plaintiff has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

WHEREFORE, the Plaintiff, Fred Rohrbacker, demands judgment against the Defendant Provincetown-MacMillan Realty Trust, in the amount of $1,000,000.00, together with interest and costs.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES RAISED

IN THIS COMPLAINT.

Respectfully submitted for the
the Plaintiff, Fred Rohrbacker,
by his attorney,


_____
David J. Berg, Esq.
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
617-523-1000

Dated: