*UNITED STATES DISTRICT COURT*
*District of Massachusetts - Eastern Division*

CIVIL ACTION No. 05-11562-RGS

FRED ROHRBACKER,

Plaintiff,

v.

MODERN CONTINENTAL COMPANIES, INC.,
HARBOR CRUISES, LLC, BOSTON HARBOR
CRUISES, a joint venure, PROVINCETOWN PUBLIC
PIER CORPORATION and PROVINCETOWN-
MacMILLAN REALTY TRUST,

Defendants.

## DEFENDANT, PROVINCETOWN PUBLIC PIER CORPORATION'S, ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND

### FIRST DEFENSE

The plaintiff's First Amended Complaint fails to state a claim against the defendant, Provincetown Public Pier Corporation, upon which relief can be granted.

### SECOND DEFENSE

The plaintiff's First Amended Complaint fails to state a claim against the defendant, Provincetown Public Pier Corporation, upon which relief can be granted in that the defendant has no obligation to pay the plaintiff any amount of the loss or damages alleged.

### THIRD DEFENSE

The defendant, Provincetown Public Pier Corporation, hereby responds to the allegations contained in the plaintiff's First Amended Complaint, paragraph by paragraph, as follows:

1

## The Parties

1. The defendant neither admits nor denies the allegations contained in Paragraph 1 because it has no actual knowledge of same and, therefore, calls upon the plaintiff to prove same.

2. The defendant neither admits nor denies the allegations contained in Paragraph 2 because it has no actual knowledge of same and, therefore, calls upon the plaintiff to prove same.

3. The defendant neither admits nor denies the allegations contained in Paragraph 3 because it has no actual knowledge of same and, therefore, calls upon the plaintiff to prove same.

4. The defendant neither admits nor denies the allegations contained in Paragraph 4 because it has no actual knowledge of same and, therefore, calls upon the plaintiff to prove same.

5. The defendant neither admits nor denies the allegations contained in Paragraph 5 because it has no actual knowledge of same and, therefore, calls upon the plaintiff to prove same.

6. The defendant admits the allegations contained in Paragraph 6.

7. The defendant neither admits nor denies the allegations contained in Paragraph 7 because it has no actual knowledge of same and, therefore, calls upon the plaintiff to prove same.

## The Injury

8. The defendant neither admits nor denies the allegations contained in Paragraph 8 because it has no actual knowledge of same and, therefore, calls upon the plaintiff to prove same.

9. The defendant admits the plaintiff fell upon disembarking from a private ferry, but denies he fell on MacMillan Pier or on any property owned, operated or controlled by the defendant.

10. The defendant denies the allegations contained in Paragraph 10.

11. The defendant denies the allegations contained in Paragraph 11.

## MacMillan Pier – Ownership, Operation, and Control

12. The defendant admits the area where plaintiff fell was owned by the co-defendant, Boston Harbor Cruises, but denies plaintiff fell on MacMillan Pier.

13. The defendant admits the area where plaintiff fell was operated by the co-defendant, Boston Harbor Cruises, but denies plaintiff fell on MacMillan Pier.

14. The defendant admits the area where plaintiff fell was controlled by the co-defendant, Boston Harbor Cruises, but denies plaintiff fell on MacMillan Pier.

15. The defendant denies the allegations contained in Paragraph 15.

16. The defendant denies the allegations contained in Paragraph 16.

17. The defendant denies the allegations contained in Paragraph 17.

18. The defendant admits the area where plaintiff fell was owned by the co-defendant, Provincetown-MacMillan Realty Trust, but denies plaintiff fell on MacMillan Pier.

19. The defendant admits the area where plaintiff fell was operated by the co-defendant, Provincetown-MacMillan Realty Trust, but denies plaintiff fell on MacMillan Pier.

20. The defendant admits the area where plaintiff fell was controlled by the co-defendant, Provincetown-MacMillan Realty Trust, but denies plaintiff fell on MacMillan Pier.

### Jurisdiction

21. The defendant neither admits nor denies that the parties are citizens of different states because it has no actual knowledge of same and, therefore, calls upon the plaintiff to prove same. The defendant denies the amount in controversy exceeds the sum or value of $75,000, and denies that this Court has subject matter jurisdiction.

### COUNT I

Fred Rohrbacker v. Modern Continental Companies, Inc., Harbor Cruises, LLC, and Boston Harbor Cruises, a Joint Venture

(Negligence)

22-26. The allegations contained in Paragraphs 22 through 26 do not pertain to the defendant and, therefore, no responses thereto are required.

### COUNT II

Fred Rohrbacker v. Provincetown Public Pier Corporation

(Negligence)

3

27. The defendant repeats and incorporates by reference its response to Paragraphs 1 through 21 above.

28. The defendant denies the allegations contained in Paragraph 28.

29. The defendant denies the allegations contained in Paragraph 29.

30. The defendant denies the allegations contained in Paragraph 30.

31. The defendant denies the allegations contained in Paragraph 31. The defendant further denies that the plaintiff is entitled to recover any of the damages or relief requested in Count II of the plaintiff's First Amended Complaint.

## COUNT III

### Fred Rohrbacker v. Provincetown-MacMillan Realty Trust

(Negligence)

32-36. The allegations contained in Paragraphs 32 through 36 do not pertain to the defendant and, therefore, no responses thereto are required.

## FOURTH DEFENSE

The defendant, Provincetown Public Pier Corporation, states that the negligence of the plaintiff was greater than the alleged negligence of the defendants and that such negligence of the plaintiff contributed to his alleged damages. Therefore, the plaintiff is barred from recovery under M.G.L. c. 231, § 85.

## FIFTH DEFENSE

The defendant, Provincetown Public Pier Corporation, states that the plaintiff was guilty of contributory negligence and that the damages, if any, recovered by the plaintiff shall be reduced in proportion to said negligence of the plaintiff in accordance with M.G.L. c. 231, § 85.

## SIXTH DEFENSE

The defendant, Provincetown Public Pier Corporation, remains immune under the doctrine of sovereign immunity.

### SEVENTH DEFENSE

The plaintiff's injuries and damages were caused by someone for whose conduct the defendant, Provincetown Public Pier Corporation, cannot be held responsible.

### EIGHTH DEFENSE

The plaintiff's recovery is barred by M.G.L. c. 258, § 4.  Specifically, the plaintiff failed to make adequate presentment of his claim to the defendant, Provincetown Public Pier Corporation.  In a letter dated June 10, 2005 and addressed only to the "Executive Officer" of the Provincetown Public Pier Corporation, the plaintiff fails to describe or articulate his negligence theory in sufficient detail.  Nor does the plaintiff allege, in his letter, any theory of recovery based on defendant's alleged wilful, wanton or reckless conduct.   Proper presentment is a condition precedent to recovery under M.G.L. c. 258, § 2.

### NINTH DEFENSE

The plaintiff's First Amended Complaint is barred by the provisions of M.G.L. c. 258, §10(j), in that the plaintiff's claims arise out of a condition or situation not originally caused by the defendant, Provincetown Public Pier Corporation.

### TENTH DEFENSE

The plaintiff's First Amended Complaint is barred by the provisions of M.G.L. c. 21, § 17C, the Recreational Use Statute.

### ELEVENTH DEFENSE

The plaintiff's claims against the defendant, Provincetown Public Pier Corporation, are based upon the performance or failure to perform a discretionary function or duty and, therefore, the defendant, Provincetown Public Pier Corporation, is immune under M.G.L. c. 258, § 10(b).

### TWELFTH DEFENSE

The plaintiff's First Amended Complaint is barred by the provisions of M.G.L. c. 258,  § 10(f).

## THIRTEENTH DEFENSE

The liability of the defendant, Provincetown Public Pier Corporation, if any, is limited by the provisions of M.G.L. c. 258, § 2.  Nor can the defendant be held liable for the award of any pre- or post-judgment interest.

## JURY CLAIM

The defendant, Provincetown Public Pier Corporation, demands a trial by jury.

Respectfully submitted,

The Defendant,
PROVINCETOWN PUBLIC PIER CORP.,
By its attorneys,

PIERCE, DAVIS & PERRITANO, LLP

John J. Davis, BBO #115890
David C. Hunter, BBO #647686
Ten Winthrop Square
Boston, MA 02110
(671) 350-0950

**CERTIFICATE OF SERVICE-**
I hereby certify that a true copy of the above document was served upon all counsel of record by electronic mail on this 28th day of September, 2005.

John J. Davis