UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NUMBER: 2005-11562 RGS

FRED ROHRBACKER,
    Plaintiff,

vs.

MODERN CONTINENTAL COMPANIES, INC.,
HARBOR CRUISES, LLC,
BOSTON HARBOR CRUISES, A JOINT VENTURE,
PROVINCETOWN PUBLIC PIER CORPORATION, and
PROVINCETOWN-MACMILLAN REALTY TRUST,
    Defendants.

**DEFENDANTS, MODERN CONTINENTAL COMPANIES, INC.,
HARBOR CRUISES, LLC,
and BOSTON HARBOR CRUISES, A JOINT VENTURE'S
ANSWER TO PLAINTIFF'S COMPLAINT
and CROSS-CLAIMS**

### The parties

1. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in this paragraph of the Plaintiff's Complaint.

2. The Defendants admit the allegations contained in this paragraph of the Plaintiff's Complaint.

3. The Defendants admit the allegations contained in this paragraph of the Plaintiff's Complaint.

4. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

5. As to Paragraph 5 of the Plaintiff's Complaint, the Defendants state that, upon information and belief, Boston Harbor Cruises is not a joint venture. Boston Harbor Cruises transacts business in Massachusetts as Harbor Cruises LLC d/b/a Boston Harbor Cruises.

6. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in this paragraph of the Plaintiff's Complaint.

1

7. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in this paragraph of the Plaintiff's Complaint.

### The injury

8. The Defendants admit the allegations contained in this paragraph of the Plaintiff's Complaint.

9. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in this paragraph of the Plaintiff's Complaint.

10. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

11. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

### MacMillan Pier - ownership, operation, and control

12. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

13. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

14. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

15. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in this paragraph of the Plaintiff's Complaint.

16. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in this paragraph of the Plaintiff's Complaint.

17. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in this paragraph of the Plaintiff's Complaint.

18. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in this paragraph of the Plaintiff's Complaint.

19. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in this paragraph of the Plaintiff's Complaint.

20. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in this paragraph of the Plaintiff's Complaint.

## Jurisdiction

21. The Defendants admit the allegations contained in this paragraph of the Plaintiff's Complaint.

## COUNT I

### Fred Rohrbacker v. Modern Continental Companies, Inc., Harbor Cruises, LLC, and Boston Harbor Cruises, a joint venture

### (Negligence)

22. The Defendants repeat their answers to Paragraphs 1 through 21 as if set out in full herein.

23. As to Paragraph 23 of the Plaintiff's Complaint, the Defendants can neither admit nor deny as this paragraph sets out a legal conclusion rather than a factual allegation.

24. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

25. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

26. The Defendants deny the allegations contained in this paragraph of the Plaintiff's Complaint.

## COUNT II

### Fred Rohrbacker v. Provincetown Pier Corporation

As to Paragraphs 27 - 31 of the Plaintiff's Complaint, no responsive pleading is required as Count II pertains to another party.

## COUNT III

### Fred Rohrbacker v. Provincetown - MacMillan Realty Trust

As to Paragraphs 32 - 36 of the Plaintiff's Complaint, no responsive pleading is required as Count II pertains to another party.

## AFFIRMATIVE DEFENSES

**Affirmative Defense No. 1**
By way of affirmative defense the Defendants say that if the Plaintiff suffered injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct the Defendants were not and are not legally responsible.

**Affirmative Defense No. 2**
By way of affirmative defense the Defendants say that the Plaintiff were guilty of contributory negligence and that the damages, if any, recovered by the Plaintiff from the Defendants should be reduced in proportion to the said negligence of the Plaintiff in accordance with M.G.L., Ch. 231, Sec. 85.

**Affirmative Defense No. 3**
By way of affirmative defense the Defendants say that the negligence of the Plaintiff was greater than the alleged negligence of the Defendants and that such negligence of the Plaintiff contributed to his alleged injury and, therefore, the Plaintiff is barred from recovery under M.G.L., Ch. 231, Sec. 85.

**Affirmative Defense No. 4**
By way of affirmative defense the Defendants say that injuries or damage alleged were caused in whole or in part by the negligence of the Plaintiff.

**Affirmative Defense No. 5**
And further answering, the Defendants say that the Complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

**Affirmative Defense No. 6**
And further answering, the Defendants say that the Complaint should be dismissed pursuant to Rule 12(b)(8), insofar as the Defendants Harbor Cruises, LLC and Boston Harbor Cruises have been misnamed, their true name being Harbor Cruises LLC d/b/a Boston Harbor Cruises.

**WHEREFORE**, the Defendants Modern Continental Companies, Inc., Harbor Cruises, LLC and Boston Harbor Cruises, A Joint Venture [sic] pray that the Plaintiff's Complaint be dismissed with prejudice and that the Defendants be awarded the costs of defense of this action together with reasonable attorney's fees and such other relief as the Court deems appropriate

## JURY CLAIM

The Defendants, Modern Continental Companies, Inc., Harbor Cruises, LLC and Boston Harbor Cruises, A Joint Venture [sic], claim trial by jury on all issues presented in connection with the above-captioned lawsuit.

## CROSS-CLAIM AGAINST CO-DEFENDANT, PROVINCETOWN PUBLIC PIER CORPORATION

### COUNT I

1. The damages sustained by the Plaintiff, if any, were proximately caused, in whole or in part, by the negligence of the Co-Defendant, Provincetown Public Pier Corporation.

2. If Defendants, Modern Continental Companies, Inc., Harbor Cruises, LLC and Boston Harbor Cruises, A Joint Venture [sic] are found liable in this action, which liability they deny, then they are entitled to contribution from Provincetown Public Pier Corporation, as a joint tortfeasor, in accordance with M.G.L. c. 231B.

**WHEREFORE**, the Defendants, Modern Continental Companies, Inc., Harbor Cruises, LLC and Boston Harbor Cruises, A Joint Venture[sic] demand judgment against Provincetown Public Pier Corporation for contribution with regard to any sums that may be adjudged for the Plaintiff against Defendants Modern Continental Companies, Inc., Harbor Cruises, LLC and Boston Harbor Cruises, A Joint Venture [sic].

### COUNT II

1. If the Defendants, Modern Continental Companies, Inc., Harbor Cruises, LLC and Boston Harbor Cruises, A Joint Venture [sic]are adjudged liable to the Plaintiff, this liability will be based solely on the wrongful acts and omissions of Provincetown Public Pier Corporation, and not as a result of any wrongful acts on the part of the Defendants Modern Continental Companies, Inc., Harbor Cruises, LLC and Boston Harbor Cruises, A Joint Venture [sic].

**WHEREFORE**, the Defendants, Modern Continental Companies, Inc., Harbor Cruises, LLC and Boston Harbor Cruises, A Joint Venture [sic] demand judgment against Provincetown Public Pier Corporation for all costs and attorney's fees incurred in defending Plaintiff's claims, and for all sums for which the Defendants Modern Continental Companies, Inc., Harbor Cruises, LLC and Boston Harbor Cruises, A Joint Ventur[sic] may be adjudged to owe to the Plaintiff, together with interest.

### CROSS-CLAIM AGAINST CO-DEFENDANT, PROVINCETOWN-MACMILLAN REALTY TRUST

### COUNT I

1. The damages sustained by the Plaintiff, if any, were proximately caused, in whole or in part, by the negligence of the Co-Defendant, Provincetown-MacMillan Realty Trust.

2. If Defendants, Modern Continental Companies, Inc., Harbor Cruises, LLC and Boston Harbor Cruises, A Joint Venture[sic] are found liable in this action, which liability they deny, then they are entitled to contribution from Provincetown-MacMillan Realty Trust, as a joint tortfeasor, in accordance with M.G.L. c. 231B.

**WHEREFORE**, the Defendants, Modern Continental Companies, Inc., Harbor Cruises, LLC and Boston Harbor Cruises, A Joint Venture [sic] demand judgment against Provincetown-MacMillan Realty Trust for contribution with regard to any sums that may be adjudged for the Plaintiff against Defendants Modern Continental Companies, Inc., Harbor Cruises, LLC and Boston Harbor Cruises, A Joint Venture [sic].

### COUNT II

2. If the Defendants, Modern Continental Companies, Inc., Harbor Cruises, LLC and Boston Harbor Cruises, A Joint Venture[sic] are adjudged liable to the Plaintiff, this liability will be based solely on the wrongful acts and omissions of Provincetown-MacMillan Realty Trust, and not as a result of any wrongful acts on the part of the Defendants Modern Continental Companies, Inc., Harbor Cruises, LLC and Boston Harbor Cruises, A Joint Venture [sic].

WHEREFORE, the Defendants, Modern Continental Companies, Inc., Harbor Cruises, LLC and Boston Harbor Cruises, A Joint Venture[sic] demand judgment against Provincetown-MacMillan Realty Trust for all costs and attorney's fees incurred in defending Plaintiff's claims, and for all sums for which the Defendants Modern Continental Companies, Inc., Harbor Cruises, LLC and Boston Harbor Cruises, A Joint Venture[sic] may be adjudged to owe to the Plaintiff, together with interest.

                Defendants,
Modern Continental Companies, Inc.,
Harbor Cruises, LLC
and Boston Harbor Cruises, A Joint Venture[sic]
By their attorney,

/s/ Jeanne O. McHugh
Jeanne O. McHugh (BBO# 978455)
Kenner, Engelberg, Bratcher & Whalen
60 State Street, Suite 600
Boston, MA  02109
617-371-4141

DATE: 9/22/05

## CERTIFICATE OF SERVICE

I hereby certify that true copies of:

    (X)    DEFENDANTS, MODERN CONTINENTAL COMPANIES, INC., HARBOR CRUISES, LLC, and BOSTON HARBOR CRUISES, A JOINT VENTURE'S ANSWER TO PLAINTIFF'S COMPLAINT and CROSS-CLAIMS ; and

    (X)    Certificate of Service

were served on:

**Plaintiff**
David J. Berg, Esquire
Latti & Anderson LLP
30 - 31 Union Wharf
Boston, MA 02109

**Provincetown Public Pier Corporation**
John J. Davis, Esquire
Pierce, Davis & Perritano, LLP
10 Winthrop Square
Boston, MA 02110

**Harbor Cruises, LLC**
Thomas B. Farrey, III, Esquire
Burns & Farrey
446 Main Street
Worcester, MA 01608

via first-class U.S. mail, postage pre-paid, on _9/22/05_.

Jeanne O. McHugh (BBO#378455)