UNITED STATES DISTRICT COURT
District of Massachusetts - Eastern Division

CIVIL ACTION No. 05-11562-RGS

FRED ROHRBACKER,

Plaintiff,

v.

MODERN CONTINENTAL COMPANIES, INC., HARBOR CRUISES, LLC, BOSTON HARBOR CRUISES, a joint venture, PROVINCETOWN PUBLIC PIER CORPORATION and PROVINCETOWN-MacMILLAN REALTY TRUST,

Defendants.

**DEFENDANT, PROVINCETOWN PUBLIC PIER CORPORATION'S, ANSWER TO DEFENDANTS, MODERN CONTINENTAL COMPANIES, INC., HARBOR CRUISES, LLC, and BOSTON HARBOR CRUISES, CROSS-CLAIM AND JURY DEMAND**

**FIRST DEFENSE**

The co-defendants, Modern Continental Companies, Inc., Harbor Cruises, LLC, and Boston Harbor Cruises (hereinafter "co-defendants"), Cross-Claim fails to state claims against the defendant, Provincetown Public Pier Corporation (hereinafter "defendant"), upon which relief can be granted.

## SECOND DEFENSE

The co-defendants fail to state a claim against the defendant upon which relief can be granted in that the defendant has no obligation to pay the plaintiff or the co-defendants any amount of the loss or damages alleged.

## THIRD DEFENSE

The defendant responds to the allegations contained in the co-defendants' Cross-Claim, paragraph by paragraph, as follows:

### COUNT I

1. The defendant denies the allegations contained in Paragraph 1.

2. The defendant denies the allegations contained in Paragraph 2.  The defendant further denies that the co-defendants are entitled to any relief whatsoever.

### COUNT II

1. The defendant denies the allegations contained in Paragraph 1.  The defendant further denies that the co-defendants are entitled to any relief whatsoever.

## FOURTH DEFENSE

The defendant states that the co-defendants' claims are based upon the performance or failure to perform a discretionary function or duty and, therefore, the defendant is immune from liability under M.G.L. c. 258, § 10(b).

## FIFTH DEFENSE

The defendant states that if the co-defendants suffered damages as alleged, such damages were caused by someone for whose conduct the defendant was not and is not legally responsible.

## SIXTH DEFENSE

The defendant states that the negligence of the plaintiff was greater than the alleged negligence of the co-defendants and the defendant, and that such negligence of the plaintiff contributed to his alleged damages.  Therefore, the plaintiff is barred from recovery under M.G.L. c. 231, § 85.

### SEVENTH DEFENSE

The defendant states that the plaintiff was guilty of contributory negligence and that the damages, if any, recovered by the plaintiff shall be reduced in proportion to said negligence of the plaintiff in accordance with M.G.L. c. 231, § 85.

### EIGHTH DEFENSE

The plaintiff's First Amended Complaint and the co-defendants' Cross-Claim are barred by the provisions of M.G.L. c. 258, § 10(j), in that the plaintiff's claim arises out of a condition or situation not originally caused by the defendant.

### NINTH DEFENSE

The plaintiff's First Amended Complaint and the co-defendants' Cross-Claim are barred by the provisions of M.G.L. c. 258, § 10(f).

### TENTH DEFENSE

The defendant remains immune from the plaintiff and the co-defendants under the doctrine of sovereign immunity.

### ELEVENTH DEFENSE

The plaintiff's First Amended Complaint and co-defendants' Cross-Claim are barred by the provisions of M.G.L. c. 21, § 17C, the Recreational Use Statute.

### TWELFTH DEFENSE

The liability of the defendant, if any, is limited by the provisions of M.G.L. c. 258, § 2. Nor can the defendant be held liable for the award of any pre- or post-judgment interest.

## JURY CLAIM

The defendant, Provincetown Public Pier Corporation, demands a trial by jury.

> Respectfully submitted,
>
> The Defendant,
> PROVINCETOWN PUBLIC PIER CORP.,
> By its attorneys,
>
> PIERCE, DAVIS & PERRITANO, LLP
>
> _____
> John J. Davis, BBO #115890
> David C. Hunter, BBO #647686
> Ten Winthrop Square
> Boston, MA 02110
> (671) 350-0950

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail on October 15, 2005.