

## UNITED STATES DISTRICT COURT
### for the
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRED ROHRBACKER,<br>    Plaintiff,<br><br>v.<br><br>MODERN CONTINENTAL COMPANIES, INC.,<br>HARBOR CRUISES, LLC, BOSTON HARBOR<br>CRUISES, A JOINT VENTURE,<br>PROVINCETOWN PUBLIC PIER CORP., and<br>PROVINCETOWN-MACMILLAN REALTY<br>TRUST,<br>    Defendants. | Civil Action No. 05-11562-RGS<br><br>11/21/05 |

### ANSWER TO FIRST AMENDED OF DEFENDANT, PROVINCETOWN-MACMILLAN REALTY TRUST

Defendant, Provincetown-MacMillan Realty Trust, hereby answers the Plaintiff's First Amended Complaint as follows:

### PARTIES

1. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 1 of the First Amended Complaint.

2. Admitted.

3. Admitted.

4. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 4 of the First Amended Complaint.

MCT/155159.1

5.   The Defendant admits that Boston Harbor Cruises transacts business in the Commonwealth of Massachusetts, but is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the First Amended Complaint.

6.   The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 6 of the First Amended Complaint.

7.   Admitted.

## THE INJURY

8.   Admitted.

9.   The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 9 of the First Amended Complaint.

10.   The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 10 of the First Amended Complaint.

11.   The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 11 of the First Amended Complaint.

## MacMILLAN PIER

12.   Denied.

13.   The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 13 of the First Amended Complaint.

14.   The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 15 of the First Amended Complaint.

15.   The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 15 of the First Amended Complaint.

16. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 16 of the First Amended Complaint.

17. The Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 17 of the First Amended Complaint.

18. The Defendant admits that it owns a pier in Provincetown that abuts or is in close proximity to McMillan Pier. The Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 18 of the First Amended Complaint.

19. The Defendant admits that it owns a pier in Provincetown that abuts or is in close proximity to McMillan Pier. The Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 19 of the First Amended Complaint.

20. The Defendant admits that it owns a pier in Provincetown that abuts or is in close proximity to McMillan Pier. The Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 20 of the First Amended Complaint.

## JURISDICTION

21. Paragraph 21 of the First Amended Complaint contains a statement of jurisdiction to which no response is required. In further answering, to the extent that an answer is required, the Defendant is without sufficient knowledge to form a belief as to the truth of the allegations as contained in this paragraph.

## COUNT I

As to paragraph 22 through 26 of the Plaintiff's First Amended Complaint, no responsive pleading is required as Count I pertains to another party.

## COUNT II

As to paragraph 27 through 31 of the Plaintiff's First Amended Complaint, no response pleading is required as Count II pertains to another party.

## COUNT III

32. The Defendant repeats and realleges herein its answers to paragraphs 1 through 21 of the First Amended Complaint.

33. Paragraph 33 of the First Amended Complaint contains the Plaintiff's conclusion of law to which no response is required.

34. Denied.

35. Denied.

36. Defendant denies that the Plaintiff was injured through any wrongdoing by the Defendant. In further answering, the Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 36 of the First Amended Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The Plaintiff's claims are barred by his own conduct and by the doctrine of comparative and/or contributory negligence.

### Third Affirmative Defense

The Plaintiff's claims are barred because the intervening act of a third party caused the alleged damage.

### Fourth Affirmative Defense

The Plaintiff's claims are barred by the applicable statute of limitations.

WHEREFORE, the Defendant, Provincetown-MacMillan Realty Trust, prays that the Plaintiff's First Amended Complaint be dismissed with prejudice and that the Court enter such relief as it deems just and proper.

                                **Provincetown-MacMillan Realty Trust**
                                By its attorneys:

                                /s/ Kevin T. Smith
                                Kevin T. Smith
                                BBO #555507
                                **MASTERMAN, CULBERT & TULLY**
                                One Lewis Wharf
                                Boston, MA  02110
                                (617) 227-8010

DATE: November 17, 2005

## CERTIFICATE OF SERVICE

I, Kevin T. Smith, hereby certify that I served a true copy of the above Defendant's Answer to First Amended Complaint, by first class mail, postage prepaid, to the following counsel of record:

**Plaintiff**
David J. Berg, Esquire
**Latti & Anderson LLP**
30-31 Union Wharf
Boston, MA 02109


**Provincetown Public Pier Corporation**
John J. Davis, Esquire
David C. Hunter, Esquire
**Pierce, Davis & Perritano**
Ten Winthrop Square
Boston, MA 02110

**Modern Continental Companies**
Thomas B. Farrey, III, Esquire
Edward B. McGrath
**Burns & Farrey**
150 Federal Street
Boston, MA 02110

**Modern Continental, Harbor Cruises, LLC and Boston Harbor Cruises**
Jeanne O. McHugh, Esquire
**Kenner, Engelberg, Bratcher & Whalen**
60 State Street, Suite 600
Boston, MA 02109

/s/ Kevin T. Smith
Kevin T. Smith

Dated: November 17, 2005

MCT/155159.1