UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRED ROHRBACKER,<br>    Plaintiff,<br><br>v.<br><br>MODERN CONTINENTAL COMPANIES, INC.,<br>HARBOR CRUISES, LLC, BOSTON HARBOR<br>CRUISES, A JOINT VENTURE,<br>PROVINCETOWN PUBLIC PIER CORP., and<br>PROVINCETOWN-MACMILLAN REALTY<br>TRUST,<br>    Defendants. | Civil Action No. 05-11562-RGS |

## MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT

Defendant, Provincetown-MacMillan Realty Trust ("Trust"), hereby moves for leave to file a Motion for Summary Judgment and as grounds therefor states:

1.    This action arises out of a slip and fall which allegedly occurred on the MacMillan Wharf in Provincetown, Massachusetts.

2.    The Plaintiff has alleged claims against the Trust, as owner of the wharf, and against Defendant, Harbor Cruises LLC, as lessee of the wharf, for allegedly allowing a dangerous condition to exist which was the proximate cause of his injuries.

3.    Discovery in this case has included depositions of the parties which were concluded on July 19, 2006. In addition, the parties have attempted to locate and depose the lone, living independent witness known to the parties. That witness, Carole Couture, was only recently located and is scheduled to be deposed on October 18, 2006.

MCT/166652.2

4.     As part of the Court's Scheduling Conference, the parties agreed, and the Court adopted as an order, that dispositive motions would be filed on or before August 15, 2006.

5.     The Trust did not file a motion for summary judgment on August 15, 2006 due, in part, to the up-coming deposition of Carol Couture.

6.     In addition, in a decision dated July 21, 2006, the Massachusetts Supreme Judicial Court rendered its decision in *Humphrey v. Byron*, 447 Mass. 322, (2006), in which it declared that a commercial landlord, unlike a residential landlord, does not owe a duty of care to third parties on leased premises.  The *Humphrey* decision bears on the liability of the Trust as a commercial landlord in the instant case.

7.     Based on the discovery taken to date and the *Humphrey* decision, no party has adduced evidence that the Trust had responsibility or control over the location where the Plaintiff allegedly fell or is otherwise liable for the Plaintiff's alleged injuries.

8.     Therefore, notwithstanding the August 15, 2006 deadline agreed upon by the parties, the Trust respectfully requests that the Court grant leave to file a motion for summary judgment on or before November 10, 2006, with oppositions to be filed 14 days thereafter.

9.     The Court has not scheduled a pre-trial conference nor has a trial date been set in this case.

WHEREFORE, Defendant, Provincetown-MacMillan Realty Trust respectfully requests that the Court allow this Motion.

        **PROVINCETOWN-MACMILLAN REALTY TRUST**

        By its attorney,

        _____
        Kevin T. Smith, BBO#555507
        **MASTERMAN, CULBERT & TULLY LLP**
        One Lewis Wharf
        Boston, MA  02110
        (617) 227-8010

Dated: September 28, 2006

## CERTIFICATE OF SERVICE

I, Kevin T. Smith , hereby certify that I served a true copy of Motion for Leave to File Motion for Summary Judgment, by first class mail, postage prepaid, to the following counsel of record:

        David J. Berg, Esquire
        **Latti & Anderson LLP**
        30-31 Union Wharf
        Boston, MA 02109

        Thomas B. Farrey, III, Esquire
        Edward B. McGrath
        **Burns & Farrey**
        150 Federal Street
        Boston, MA 02110

        _____
        Kevin T. Smith

Dated: September 28, 2006

MCT/166652.2