# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

———————————————————————————

| | |
|---|---|
| FRED ROHRBACKER, | ) |
| | ) |
|     Plaintiff, | )     Civil Action No. 05-11562-RGS |
| | ) |
|     v. | ) |
| | ) |
| MODERN CONTINENTAL COMPANIES, INC., | ) |
| HARBOR CRUISES, LLC, BOSTON HARBOR | ) |
| CRUISES, A JOINT VENTURE, | ) |
| PROVINCETOWN PUBLIC PIER CORP., and | ) |
| PROVINCETOWN-MACMILLAN REALTY | ) |
| TRUST, | ) |
| | ) |
|     Defendants. | ) |

———————————————————————————)

## MEMORANDUM OF LAW IN SUPPORT
## OF DEFENDANT PROVINCETOWN-MACMILLAN
## <u>REALTY TRUST'S MOTION FOR SUMMARY JUDGMENT</u>

Defendant, Provincetown-MacMillan Realty Trust (the "Trust"), hereby submits this
Memorandum of Law in Support of its Motion for Summary Judgment pursuant to Fed. R. Civ.
P. 56 and Local Rule 56.1.

## <u>INTRODUCTION</u>

This action arises out of a slip and fall on the MacMillan Wharf in Provincetown,
Massachusetts whereby the Plaintiff, Fred Rohrbacker ("Rohrbacker"), alleges that he was
injured. The only claim made by Rohrbacker against the Trust is in Count III in which
Rohrbacker alleges that the Trust was negligent in allowing the area where the accident occurred
to be in an "unsafe and dangerous condition." First Amended Complaint, ¶34. Because the area
where Rohrbacker claims he fell had been leased to Codefendant, Harbor Cruises, LLC, the
Trust owed no duty of care to Rohrbacker and summary judgment in favor of the Trust on Count
III is appropriate.

## FACTUAL BACKGROUND

Regarding the material facts, the Trust incorporates herein its Statement of Undisputed Facts which is filed with this Memorandum.  References to Exhibits in this Memorandum are to the Exhibits attached to the Statement of Undisputed Facts.

The Trust owns the property known as 16 MacMillan Pier, Provincetown, Massachusetts. The Trust leased a portion of the property to Co-Defendant, Harbor Cruises, LLC, under a lease dated May 2, 2002 entitled "Standard Form Commercial Lease."  Harbor Cruises used the leased premises for loading and unloading passengers from its cruise vessels and for ticket sales.

Under the Paragraph 2 of the Lease captioned "PREMISES," the leased premises is described as "[t]he docks, piers, floats and marine equipment located on and around the premises known and numbered as 16 MacMillan Wharf, Provincetown, Massachusetts as shown on a plan attached hereto as Exhibit A."  See Exhibit C.  The "Exhibit A" referenced in the Lease was not attached to the Lease by the parties.  However, according to the deposition testimony of Frederick Nolan III, the leased premises included the area which extended from the top of the gangway, past the ticket window, and out to the Provincetown Public Pier.  Exhibit B, pp. 72-74; *see also* Exhibit F.

On September 13, 2003, Rohrbacker was a passenger on the Harbor Cruises' 6:30 p.m. ferry from Boston to Provincetown.  That evening, the ferry landed and docked at MacMillan Pier in Provincetown.  After it had docked, Rohrbacker fell while exiting the ferry at or about 8:10 p.m.

According to his interrogatory and answers and deposition testimony, Rohrbacker fell in an area between two red supporting columns nearest to the gangway to the ferry.  Exhibit D, Interrogatory Ans. No. 5, Exhibit E. pp. 52-53, 131-132.  The area in which Rohrbacker fell is part of the Leased Premises.  Exhibit B, C, and F.  He alleges that the cause of his fall was the

existence of dangerous conditions in the area which he described as inadequate or no lighting in

the area at the top of the gangway, and the existence of a wood step on the floor of the pier which

he claims to have tripped over.  Exhibit E, pp. 137-146.

Under Paragraph 11A of the Lease captioned "MAINTENANCE - LESSEE'S

OBLIGATIONS," Harbor Cruises agreed as follows:

> The LESSEE agrees to maintain the leased premised in good condition, damage
> by fire and other casualty only excepted, and whenever necessary, to replace plate
> glass and other glass therein, acknowledging that the leased premises are now in
> good order and the glass whole.  The LESSEE shall not permit the leased
> premises to be overloaded, damaged, stripped, or defaced, nor suffer any waste.
> LESSEE shall obtain written consent of LESSOR before erecting any sign on the
> premises.

Further, under Paragraph 11B of the Lease captioned "MAINTENANCE - LESSOR'S

OBLIGATIONS," the Trust agreed as follows:

> The LESSOR agrees to maintain the structure of the building of which the leased
> premises are a part in the same condition as it is at the commencement of the term
> or as it may be put in during the term of this lease, reasonable wear and tear,
> damage by fire and other casualty only excepted, unless such maintenance is
> required because of the LESSEE or those for whose conduct the LESSEE is
> legally responsible.

The Trust has never undertaken any repairs of, or exercised any control over, the area in

which Rohrbacker allegedly fell after the effective date of the lease.

## ARGUMENT

### A.     Standard of Review

The Federal Rules of Civil Procedure allow for the prompt disposition of controversies

on the merits without trial if no dispute of material fact exists and the moving party is entitled to

judgment as a matter of law.  Summary judgment is appropriate when "there is no genuine issue

as to any material fact and [    ] the moving party is entitled to judgment as a matter of law."

Fed.R.Civ.P. 56(c).  A factual dispute which is neither "genuine" nor "material" will not survive

a motion for summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Summary judgment is appropriate "against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Terry v. Bayer Corp.*, 145 F. 3d 28, 34 (1st Cir. 1998), *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed 2d 265 (1986).

> **B.     The Trust Is A Commercial Landlord And,
>          Under *Humphrey v. Byron*, Owes No Duty To Plaintiff**

Rohrbacker claims that the Trust was negligent because it allowed an unsafe and dangerous condition to exist which caused him to trip and fall. Rohrbacker's claim of negligence against the Trust should fail as a matter of law because, under *Humphrey v. Byron*, 447 Mass. 322 (2006), the Trust did not owe Rohrbacker a duty of care.

In *Humphrey*, the Massachusetts Supreme Judicial Court addressed whether the duty to exercise reasonable care over leased premises applicable to residential landlords should extend to a nonresidential or commercial lessor. *Humphrey*, 447 Mass. at 323. In that case, the court was faced with an employee of the commercial lessee -- which operated a silkscreen printing company on the premises -- who slipped and fell down a flight of stairs while working. The employee brought suit against the lessor for his injuries "claiming that it had a duty to maintain the leased premises . . . ." *Id.* at 325. The trial court found that the commercial lease in question placed no duties on the lessor to maintain the premises, and refused "to impose on such landlords the duty to maintain a leased premises beyond what they might agree to undertake under the terms of the lease." *Id.* The trial court granted summary judgment to the lessor and the plaintiff appealed.

In refusing to extend the duty of care applicable to a residential landlord to a commercial landlord, the SJC predicated its decision on policy considerations and the differences between residential and commercial leases. *Id.* at 327. Noting that commercial tenants have greater bargaining power, are more sophisticated about the terms of their leases, can purchase liability

insurance, and that notions of consumer protection do not apply to commercial leases, the court

decided against imposing a general duty of care upon commercial lessors.  *Id.*

*Humphrey* left in tact the rule that "a lessor of commercial premises is liable in tort for

personal injuries only if either (1) he contracted to make repairs and made them negligently, or

(2) the defect that caused the injury was in a 'common area,' or other area appurtenant to the

leased area, over which the lessor had some control." Id. at 328-329, *citing Chausse v. Coz,* 405

Mass. 264, 266 (1989).

In the instant case, Rohrbacker claims that he fell due to inadequate lighting and the

existence of an obstruction which were in an area of 16 MacMillan Wharf which had been leased

to Harbor Cruises by the Trust.  Exhibit B, pp 72-74; Exhibit C.  Under the terms of the Lease, it

was Harbor Cruises' responsibility to keep the leased premises safe.  Indeed, as the Lease plainly

states, the "LESSEE agrees to maintain the leased premises in good condition."  Exhibit C,

¶11A.  This maintenance obligation included the maintenance of adequate lighting in the area

where the passengers of Harbor Cruises got off the cruise vessel and exited the Leased Premises.

Exhibit F.  The Trust's maintenance obligations under the Lease were limited to the "structure of

the building" and expressly excluded maintenance of the areas of the premises that were

maintained for the business purposes of the lessee "or those for whose conduct the LESSEE is

legally responsible."  Exhibit C, ¶11B.

As in *Humphrey*, there is no factual support that the alleged accident occurred on

premises over which the Trust had a duty to exercise reasonable care to assure that others

lawfully on the Premises were not subject to unreasonable risk of harm, or over which the Trust

otherwise had control.  Rohrbacker was on the Leased Premises as a passenger and customer of

Harbor Cruises when he fell.  Under *Humphrey,* the Trust did not owe him a duty of care.

<u>**CONCLUSION**</u>

For the foregoing reasons, Defendant, Provincetown-MacMillan Realty Trust,

respectfully requests that the Court allow its Motion for Summary Judgment on Count III of the

First Amended Complaint.

**PROVINCETOWN-MACMILLAN**
**REALTY TRUST**

By its attorney,

/s/ Kevin T. Smith
Kevin T. Smith, BBO#555507
**MASTERMAN, CULBERT & TULLY LLP**
One Lewis Wharf
Boston, MA  02110
(617) 227-8010

Dated: November 15, 2006

**CERTIFICATE OF SERVICE**

I, Kevin T. Smith, hereby certify that this document filed through the ECF system will be
sent electronically to the registered participants as identified on the Notice of Electronic Filing
(NEF) on November 15, 2006.

/s/ Kevin T. Smith
Kevin T. Smith

Dated: November 15, 2006

MCT/168697.1